# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **JOYCE THOMPSON,** | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 08 C 3985<br>) |
| **CONTINENTAL CASUALTY CO.,** | )<br>) |
| Defendant. | )<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Joyce Thompson filed a three count complaint on July 14, 2008, against defendant Continental Casualty Company ("Continental") alleging, inter alia, violations of the Employee Retirement Security Act of 1974, 29 U.S.C. §§ 1001 et seq. ("ERISA") for failure to notify plaintiff of her continuing coverage rights (Count I), failure to provide requested plan information (Count II), and for breach of fiduciary duty (Count III). Defendant filed a motion to dismiss all counts pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"). For the following reasons, the motion is granted.[1]

I.

Plaintiff's spouse, William Thompson, worked for Continental from 1981 through 1996, during which time he received benefits under the Continental group health plan ("the Plan"). Mr. Thompson

---

[1] Defendant's motion to strike plaintiff's claim for money damages in count III is denied as moot.

became ill and took short term disability benefits in 1995. Upon the expiration of his short term disability benefits in 1996, Mr. Thompson stopped working[2] at Continental and elected to receive long term disability benefits ("LTD"). Those benefits included medical coverage for Mr. Thompson, for which the Thompsons paid premiums. Mr. Thompson's medical coverage extended until his death in 1999, although according to the complaint his coverage should have ended six months earlier.

Although Mr. Thompson died in 1999, plaintiff did not request medical coverage under the Plan until October 2007, about eight years after her husband's death. Her 2007 claim was denied, as were subsequent appeals of that denial. On January 15, 2008, plaintiff requested several documents, namely, a copy of "the applicable document from the Human Resources Manual that would have been in effect" in 1996, "copies of any documentation from CNA that would have been sent to us in 1996" that explained the Thompsons' benefits, and documentation from Continental advising of a "substantial change in benefits depicted in the document effective September 1, 1998." Plaintiff alleges that Continental did not provide these documents. She filed the present three-count complaint on July 14, 2008.

---

[2] Defendant states in its brief that Mr. Thompson never "retired" because he elected long-term disability benefits instead of retirement benefits, and those benefits continued until his death. The complaint alleges Mr. Thompson "retired" in 1996.

2

II.

In assessing defendants' motions to dismiss under FED.R.CIV.P. 12(b)(6), I must accept all well-pleaded facts in the complaint as true and view all allegations in the light most favorable to plaintiff. *McMillan v. Collection Prof'ls*, 455 F.3d 754, 758 (7th Cir.2006). Under Rule 12(b)(6), "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). When the plaintiff effectively pleads herself out of court by alleging facts sufficient to establish a statute of limitations defense, dismissal is appropriate. *Zitzka v. Village of Westmont*, No. 07 C 0949, 2007 WL 3334336, at *2 (N.D.Ill. Nov. 6, 2007) (citing *Hollander v. Brown*, 457 F.3d 688, 691 n. 1 (7th Cir.2006)).

III.

Count I of the complaint alleges that defendant violated ERISA § 1166 by failing to notify plaintiff of her rights to continuing medical coverage after her husband's LTD election in 1996 and again after his death in 1999.[3] Defendant argues that count I must be dismissed because it was filed outside the statute of limitations. Because ERISA § 1166 does not have an express statute of limitations, I look to the most analogous cause of action under

---

[3] The parties agree the LTD election and Mr. Thompson's death are both "qualifying events" for purposes of ERISA.

3

state law and apply its limitations period. *See Teumer v. General Motors Corp.*, 34 F.3d 542, 546 (7th Cir. 1994). Defendant contends the most analogous cause of action is 735 ILCS 5/13-214.4, which provides a two year statute of limitations for actions against insurance producers.[4] Because defendant's argument is persuasive and plaintiff suggests no alternative, I find a two year statute of limitations applicable here.

Plaintiff argues that regardless of the statute of limitations, her 2008 complaint was timely filed because she did not "discover" the notice failure until 2007 when her request for medical coverage as the widow of a retired/terminated employee was denied.[5] Under the discovery rule, the limitations period does not begin until the plaintiff "learns or should learn that he has been injured." *Wolin v. Smith Barney Inc.*, 83 F.3d 847, 852 (7th Cir. 1996).

Plaintiff contends that her discovery of the material facts relating to count I was impeded for two reasons. First, she argues

---

[4] Other courts have found a two year statute of limitations applies to § 1166 actions. *See e.g., Carter v. General Elec. Co.*, 5 Wage & Hour Cas. (BNA) 2d 1884, *5 (N.D.Ill. 2000) (applying two year limitations period of Illinois unfair insurance practices statute to § 1166 action); *see also Lopez v. Premium Auto Acceptance Corp.*, 389 F.3d 504, (5th Cir. 2004) (applying two year limitations period of Texas unfair insurance practices statute to § 1166 action).

[5] Plaintiff's argument suggests the 1996 and 1999 notice failures were "discovered" at the same time, namely, when plaintiff's initial claim for medical benefits was denied in 2007.

that the lack of notice itself was misleading and impeded discovery of her claim. But defendant's failure to notify is the cause of action, not an impediment to the discovery of that cause of action. *See e.g., Jones v. Citibank,* 844 F.Supp. 437, 443 (N.D.Ill. 1994)(noting bank's failure to notify of loan application denial within 30 days was the violation and limitations period began when the omission occurred).

Second, plaintiff contends that because her husband received six months more coverage than he should have from Continental, in error, she believed he would have continued to receive coverage indefinitely, but for his death. Even assuming plaintiff's belief was reasonable, it does not support her contention that she believed her own rights to medical benefits would extend indefinitely (or at least for eight years) after her husband's death. Plaintiff's husband elected medical coverage, paid (allegedly excessively) for that coverage, and received that coverage until he died, while plaintiff is not alleged to have ever elected, received, or paid for coverage.

A reasonable widow in plaintiff's shoes would have inquired into the extent of all available benefits[6] at the time of her husband's death in 1999 or at least within the statute of limitations period. Nothing in the complaint indicates that

---

[6] The complaint indicates plaintiff began receiving pension benefits when her husband died, so she was aware that her benefits were impacted at least in some way by his death.

application of the discovery rule is appropriate in this case. Given the alleged facts, count I is time-barred and must be dismissed.

IV.

Count II of the complaint alleges Continental violated ERISA §§ 1024 and 1132 by failing to provide plaintiff with "a copy of the applicable policy provisions in place on the date of William's retirement in early 1996 as well as copies of any documentation that Continental would have sent to her in 1996 providing explanation of medical benefits." ERISA § 1024 provides: "[t]he administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary plan description, and the latest annual report, any terminal report, the bargaining agreement trust agreement, contract or other instrument under which the plan is established." 29 U.S.C. § 1024(b)(4). The relevant section of ERISA § 1132 attributes a penalty for failure to comply with requests for such information. 29 U.S.C. § 1132(c)(1).

The documents plaintiff requested were not the "latest" versions of the plan documents or documents "under which the plan is established or operated." Therefore, defendant was not required to provide those documents under ERISA § 1024 and is not subject to penalties for the failure to provide those documents under ERISA § 1132. *See Jackson v. E.J. Brach Corp.*, 937 F.Supp. 735, 739

6

(N.D.Ill. 1996)(finding plan administrators were not required to provide outdated documents under ERISA; noting that failure to provide those documents may have been an ERISA violation at one time – when they were the latest version of the plan – but not where the requested documents have no current application); *see also Ames v. American Nat. Can Co.*, 170 F.3d 751, 758-59 (7th Cir. 1999)(finding ERISA statute requiring disclosure of "other instruments under which the plan is established or operated" reaches only formal legal documents governing the establishment or operation of a plan - not all plan documents). The cases cited by plaintiff do not support her position. For these reasons, count II of the complaint must be dismissed.

V.

Count III of the complaint alleges various breaches of fiduciary duty by the defendant. Defendant contends that this count fails for three reasons, 1) at least three of the five claims alleged are untimely, 2) the two remaining claims are improper subjects of a breach of fiduciary duty claim, and 3) all of the claims are improper because they request relief that is not permissible under Section 502(a)(3). With respect to defendant's first argument, the three alleged breaches defendant contends are untimely relate to 1) defendant's failure to notify plaintiff and her husband of their rights to retirement benefits in 1996, 2) defendant's failure to notify plaintiff and her husband that his

7

long term disability coverage would expire in 1998, and 3) improperly accepting premium payments throughout the long term disability benefit period. The relevant statute of limitations provision states the following:

> No action may be commenced...with respect to a fiduciary's breach of any responsibility, duty, or obligation... after the earlier of--
> (1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation, or
> (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation;
> except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.

29 U.S.C. § 1113. Plaintiff argues that her claims are timely because she did not know Continental would deny her benefits until 2007, when she received her rejection. Only then, plaintiff contends, did she have "actual knowledge" of the violations alleged. Plaintiff also argues that defendant could have "cured" the alleged breach/violation as late as 2007, but she fails to explain how and cites no authority in support of her argument. *See Black & Decker, Inc. v. Robert Bosch Tool*, No. 04 C 7955, 2006 WL 3883937, at *2 (N.D.Ill. Dec. 27, 2006) (St.Eve, J.) (citations omitted) (undeveloped arguments are waived). Contrary to plaintiff's perfunctory response, these claims are all clearly time-barred.

The complaint was filed in 2008. The failures to notify occurred in 1996 and 1998, respectively, and the allegedly improper payments for LTD benefits stopped in 1999, when plaintiff's husband died. As discussed previously, a failure to notify is the violation at issue, not an impediment to notice of that violation. *See infra* Section III (citing *Jones v. Citibank*, 844 F.Supp. 437, 443 (N.D.Ill. 1994)). There are no allegations in the complaint of fraud or concealment, and the actions or omissions at issue in these claims are alleged to have occurred well outside the six year statute of limitations. *See id.* Accordingly, these three claims are untimely and must be dismissed.

Defendant's two remaining arguments are also persuasive. First, defendant contends the two remaining claims in count III are improper because plaintiff is prohibited from seeking relief for breach of fiduciary duty under Section 502(a)(3) if another provision in Section 502 provides actual relief for the complained of acts or omissions. *See e.g., La Rue v. DeWolff, Boberg & Assoc.*, 128 S. Ct. 1020, 1026 (2008) (acknowledging that the Supreme Court has held that "[r]elief is not 'appropriate' under § 502(a)(3) if another provision, such as § 502(a)(1)(B), offers an adequate remedy) (Roberts, C.J. concurring); *Heeden v. Aon Corp.*, No. 04 C 3360, 2004 WL 2434230, *4-5 (N.D.Ill. Oct. 28, 2004). Defendant also argues that none of the five breaches alleged in

count III are viable because section 502(a)(3) only provides for equitable relief and plaintiff seeks money damages.

Rather than substantively addressing these two arguments, plaintiff attempts to avoid dismissal by stating that because the complaint does not specifically cite section 502(a)(3) as the basis for her breach of fiduciary duty count, defendant's 502(a)(3) arguments are not on point. With regard to the improper damages argument, plaintiff offers no substantive legal response, remarking only that the damages sought pursuant to count III are "separate and distinct" from those sought in the other counts.

Both of plaintiff's arguments fail. First, although a complaint generally need not contain the legal predicate for a claim, when presented with a motion to dismiss, the non-moving party must provide some legal basis to support his cause of action. *Stransky v. Cummins Engine Co., Inc.*, 51 F.3d 1329, 1335. (noting "The federal courts will not invent legal arguments for litigants.") If count III is in fact based on section 502(a)(3), as defendant argues and plaintiff does not really deny, it fails for the undisputed reasons argued in defendant's motion and supporting briefs.[7] *See Kirksey v. R.J. Reynolds Tobacco Co.,* 168

---

[7] Because sections 502(a)(1)(A) and (B) provide actual relief for failure to provide medical benefits and failure to provide timely information and documentation, the complained of acts in the remaining claims in count III, these claims must be dismissed. *See Heeden v. Aon Corp.*, No. 04 C 3360, 2004 WL 2434230, *4-5 (N.D.Ill. Oct. 28, 2004); 29 U.S.C. § 1132(a)(1)(A) and (B) (authorizing causes of action for refusal to supply requested information and to

F.3d 1039, 1041 (7th Cir.1999) (affirming dismissal where plaintiff failed to offer theory to oppose dismissal; if judges "are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning. An unresponsive response is no response."); *Black & Decker, Inc. v. Robert Bosch Tool*, No. 04 C 7955, 2006 WL 3883937, at *2 (N.D.Ill. Dec. 27, 2006) (St.Eve, J.) (citations omitted) (undeveloped, perfunctory arguments are waived). Alternatively, if count III has some other legal basis, plaintiff was required to provide that basis in her response to the motion to dismiss. *Stransky,* 51 F.3d at 1335.

For all these reasons, count III fails to state a claim and must be dismissed.

VI.

For the foregoing reasons, defendant's motion to dismiss is granted. This case is dismissed.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: March 16, 2009

---

recover benefits due under plan, to enforce plan, or to clarify rights under plan).

11